IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



DONALD DICKENS     PLAINTIFF

VS.     CIVIL ACTION NO. 3:17cv 425 DPJ-FKB

DONNIE VICE, INDIVIDUALLY AND
AS AN EMPLOYEE OF JAMES
CONSTRUCTION GROUP; JAMES
CONSTRUCTION GROUP, LLC; MACK
TRUCKS, INC.; PRIMORIS SERVICES
CORPORATION; AND JOHN DOES 1-10     DEFENDANTS

## DEFENDANTS' JOINT NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

Honorable Zack Wallace
Circuit Court Clerk for Hinds County
407 East Pascagoula Street
Jackson, MS 39205
CIRCUIT COURT CLERK FOR HINDS COUNTY

Rocky Wilkins (MSB #99707)
Morgan & Morgan
4450 Old Canton Road, Suite 200
Jackson, MS 39211

Mack Reeves (MSB #104823)
Post Office Box 2777
Jackson, MS 39207

Collin Maley (MSB #102396)
Maley Nicholas Law Firm, PLLC
Post Office Box 12827
Jackson, MS 39236
ATTORNEYS FOR PLAINTIFF DONALD DICKENS

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendants Mack Trucks, Inc. ("Mack Trucks"); Donnie Vice ("Vice"); James Construction Group, LLC ("James Construction"); and Primoris Services Corporation ("Primoris") (collectively, the "Defendants"), through undersigned counsel and with express reservation of any and all defenses, hereby jointly give

29750173 v1

notice of removal of this Action and do hereby jointly remove this Action to the United States District Court for the Southern District of Mississippi, Northern Division. As grounds for this joint removal, Defendants state as follows:

## I. BACKGROUND AND BASIS FOR REMOVAL

1. Plaintiff Donald Dickens (the "Plaintiff") filed an action against the above-captioned Defendants on April 26, 2017, in the Circuit Court of the First Judicial District of Hinds County, Cause No. 17-255 (the "Lawsuit").

2. Defendant Mack Trucks was served with process on April 27, 2017.[1]

3. Defendant Vice was purportedly served with process on May 3, 2017.[2]

4. Defendant James Construction was purportedly served with process on April 27, 2017.[3]

5. Defendant Primoris was purportedly served with process on April 27, 2017.[4]

6. Accordingly, this instrument is timely filed within 30-days of receipt of the pleading from which Defendants could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b).

7. In the Lawsuit, Plaintiff seeks to recover "substantial damages" including an unspecified amount of punitive damages and attorneys' fees.

---

[1] In filing this notice of removal, Defendants make no representation as to the propriety and completion of service of process on each Defendant. All rights and defenses under Rules 8 and 12(b) are expressly reserved.

[2] *Id.*

[3] *Id.*

[4] *Id.*

8. The Lawsuit falls under this Court's original subject matter jurisdiction under 28 U.S.C. § 1332. Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 & 1446.

## II. STATE COURT DOCUMENTS ATTACHED

9. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this Joint Notice of Removal and a Notice of Filing Notice of Removal is being filed with the Clerk of the Circuit Court of the First Judicial District of Hinds County, Mississippi.

10. In accordance with 28 U.S.C. § 1446(a), a copy of the Summons and Complaint in this Action are attached to this Joint Notice of Removal as Exhibit A. The remainder of the state court pleadings, if any, that exist in this case will be certified and provided in the manner required by law.

## III. DIVERSITY JURISDICTION

A. The properly-joined parties are of diverse citizenship.

11. Plaintiff is an adult resident citizen of Holmes County, Mississippi. *See* Complaint, ¶ 1.

12. Defendant Mack Trucks was at the time the Lawsuit was filed, and is as of the date of this Notice of Removal, a corporation existing and incorporated in the State of Pennsylvania and maintains its principal place of business in North Carolina. *See* Complaint, ¶ 5. Defendant Mack Trucks is therefore a citizen of Pennsylvania and North Carolina.

13. Defendant Vice was at the time the lawsuit was filed, and is as of the date of this Notice of Removal, an adult resident citizen of the state of Louisiana. *See* Complaint, ¶ 2.

14. Defendant James Construction was at the time the Lawsuit was filed, and is as of the date of this Notice of Removal, a limited liability company existing and formed in the State of Florida, and the sole member of James Construction is Primoris Services Corporation, which

29750173 v1

is a Delaware corporation with its principal place of business in Lake Forest, California. *See* Complaint, ¶ 3. For the purposes of determining the residency of an LLC such as James Construction for diversity purposes, this Court must look to the citizenship of the LLC's individual members. *See Lawson v. Chrysler LLC*, 2009 WL 961226 at *2 (S.D.Miss. Apr. 7, 2009) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.2008)). Defendant James Construction is therefore a citizen of Delaware and California.

15. Defendant Primoris was at the time the Lawsuit was filed, and is as of the date of this Notice of Removal, a corporation existing and incorporated in the State of Delaware and maintains its principal place of business in California. *See* Complaint, ¶ 4. Defendant Primoris is therefore a citizen of Delaware and California.

16. For purposes of removal under 28 U.S.C. §1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Thus, when one considers only the named Defendants, it is clear that there is complete diversity of citizenship between the Plaintiff, on the one hand, and these Defendants excluding John Does 1-10, on the other.

17. Accordingly, this Action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332, as this Court has federal diversity jurisdiction of all claims asserted by the Plaintiff against the non-resident Defendants.

B. <u>The amount in controversy exceeds the jurisdictional requirement for removal.</u>

18. The Lawsuit is alleged to arise from an accident at the mine located at I-55 South Wynndale Road Byram, Hinds County, Mississippi 39212 on or about November 6, 2016. Plaintiff alleges after loading at the mine, the dump truck he was driving tipped over due to the

actions or omissions of Defendants, causing Plaintiff "painful physical and emotional injuries." *See* Complaint, ¶ 8.

19. Plaintiff's Complaint sets forth allegations against Defendants asserting causes of action for: negligence, gross negligence, products liability, and willful and/or grossly negligent infliction of emotional distress. Plaintiff seeks judgment against Defendants for "*substantial damages*" including, but not limited to, the following: past, present, and future pain and suffering; past, present, and future loss of wages or wage earning capacity; past, present, and future medical expenses; permanent scarring and/or impairment; permanent disability; past, present, and future emotional distress and mental anguish; punitive damages; attorneys' fees; pre-judgment and post-judgment interest; all costs of court; and all other damages recoverable under Mississippi law to be shown at the trial of this matter for Plaintiff's sustained injuries as a direct and proximate result of the alleged concurrent acts of named Defendants. *See* Complaint, ¶ 18.

20. When a complaint does not provide the amount of damages sought, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Adams v. Royal Neighborhood of America*, 2014 WL 11444150 *2 (S.D. Miss. Aug. 4, 2014). Such burden may be satisfied "by demonstrating that it is 'facially apparent' from the Complaint that [Plaintiff's] claims are likely to exceed the amount." *Id.*

21. The nature of Plaintiff's claims makes it facially apparent that Plaintiff's claims are likely to exceed the requisite amount in controversy. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (holding amount in controversy satisfied by the "lengthy list of compensatory and punitive damages" sought by the plaintiff that the amount in controversy exceeded $75,000.00). This is especially shown by Plaintiff's claim for unlimited punitive

damages. "[C]laims for punitive damages are included in the calculation of the amount in controversy." *Brasell v. Unumprovident Corp.*, 2001 WL 1530342 *2, (N.D. Miss. Oct. 25, 2001) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). In *Brasell*, Judge Davidson held that:

> In ascertaining whether the plaintiff's claim for punitive damages actually exceeds $75,000, so as to meet the federal jurisdictional minimum, the Court notes that punitive damages awards . . . in Mississippi routinely exceed that amount. (citation omitted). Further, federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. (citations omitted).

*Brasell*, 2001 WL 1530342 *2.

22. Moreover, in addition to punitive damages, Plaintiff seeks an unspecified amount in attorneys' fees. Under Fifth Circuit law, attorneys' fees are included in the amount in controversy. *See H&D Tire and Auto. Hardware, Inc. v. Pitney Bowes*, Inc., 227 F.3d 326, 330 (5th Cir. 2000) (where "a party [is entitled] to receive attorneys' fees, the amount in controversy includes those fees"). Under Mississippi law, the court may award attorneys' fees in a case in which punitive damages are appropriate. *See Sudeen v. Castleberry*, 794 So. 2d 237, 252 (Miss. Ct. App. 2001) ("the award of attorney's fees is clearly justified in cases where punitive damages are merited"); *Aetna Cas. & Sur. Co. v. Steele*, 373 So. 2d 797, 801 (Miss. 1979). It likewise follows that Plaintiff's claim for punitive damages and attorneys' fees places the amount in controversy in this action above diversity jurisdiction minimum.

23. Because Plaintiff seeks "substantial damages" including an unspecified amount of punitive damages and attorneys' fees, it is clear from the face of the Complaint that Plaintiff seeks to recover an award in excess of $75,000.00, exclusive of interest and costs. The amount in controversy exceeds the jurisdictional minimum.

## IV. RESERVATION OF DEFENSES AND RIGHTS

24. Defendants hereby incorporate by reference all defenses, including without limitation, substantive and procedural defenses, asserted in their respective Answers and Defenses to be filed.

25. Defendants further join in any and all Joinders in this Joint Notice of Removal that have been or may subsequently be filed by any of them in support of federal jurisdiction.

26. Nothing in this Joint Notice of Removal shall be interpreted as a waiver, estoppel, preclusion or relinquishment of any Defendant's ability(ies) or right(s) to assert any claim, counterclaim, cross-claim, third party claim, defense or affirmative matter, including, but not limited to: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the putative claims; (8) failure to join an indispensable party(ies); (9) waiver, (10) contractual, statutory, common law or other right to defense, indemnity, contribution or apportionment; or (11) any other pertinent claim or defense available under Miss. or Fed. R. Civ. P. 12, any state or federal statute or otherwise.

## V. CONCLUSION

For the reasons set forth above, each and every Defendant herein respectfully requests that the United States District Court for the Southern District of Mississippi, Northern Division, accept this Notice of Removal and assume jurisdiction of this cause. Plaintiff is hereby notified to proceed no further in state court.

**[SEPARATE SIGNATURE PAGES FOLLOW FOR EACH REMOVING DEFENDANT]**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

REMOVAL JOINED IN AND CONSENTED TO:

This the 26th day of May, 2017.

                                  Respectfully submitted,

                                  MACK TRUCKS, INC.

By: /s/ B. Vance

                                  Bradley B. Vance (MS Bar #100317)
                                  Maggie Kate Bobo (MS Bar # 105329)

                                  ITS ATTORNEYS

**OF COUNSEL:**

BURR & FORMAN LLP
190 E Capitol Street, Suite M-100
Jackson, MS 39201
Telephone: 601-355-3434
Facsimile: 601-355-5150

29750173 v1

REMOVAL JOINED IN AND CONSENTED TO:

This the 26th day of May, 2017.

       Respectfully submitted,

       DONNIE VICE, INDIVIDUALLY AND AS AN EMPLOYEE OF JAMES CONSTRUCTION GROUP, JAMES CONSTRUCTION GROUP, LLC, AND PRIMORIS SERVICES CORPORATION

    By: */s/ Margaret Z. Smith*
      Arthur D. Spratlin, Jr. (MS Bar # 9035)
      Margaret Z. Smith (MS Bar # 104178)

       THEIR ATTORNEYS

**OF COUNSEL:**

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158
Tel:  601-985-4568 (ADS)
Tel:  601-985-4405 (MZS)
Fax:  601-985-4500
Email:  art.spratlin@butlersnow.com
Email:  margaret.smith@butlersnow.com

9


## CERTIFICATE OF SERVICE

I, Bradley B. Vance, one of the attorneys for Defendant Mack Trucks, Inc., certify that a true copy of the above and foregoing has been forwarded to the following via First Class U. S. Mail:

> Rocky Wilkins (MSB #99707)
> Mack Reeves (MSB #104832)
> Rocky Wilkins Law Firm, PLLC
> P.O. Box 2777
> Jackson, MS 39207
>
> Collin Maley
> Maley Nicholas Law Firm, PLLC
> P.O. Box 12827
> Jackson, MS 39236
>
> *Attorneys for Plaintiff Donald Dickens*
>
> Arthur D. Spratlin, Jr.
> Margaret Z. Smith
> BUTLER SNOW
> P.O. Box 6010
> Ridgeland, Mississippi  39158-6010
>
> *Attorneys for Defendants Primoris Services Corporation,
> James Construction Group and Donnie Vice*

This, the 26th day of May, 2017.

_____
BRADLEY B. VANCE

29750173 v1