IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DONALD DICKENS**                                                                                 **PLAINTIFF**

**V.**                                                                     **CAUSE NO. 3:17-CV-425-CWR-FKB**

**DONNIE VICE; JAMES**                                                    **DEFENDANTS**
**CONSTRUCTION GROUP, LLC; MACK**
**TRUCKS, INC.; PRIMORIS SERVICES**
**CORPORATION; & JOHN DOES 1-10**

## ORDER

Before the Court is the plaintiff's Rule 56(d) motion.

The legal standard is well-established. *See McDougle v. Neshoba Cty., Miss.*, No. 3:15-CV-350-CWR-FKB, 2016 WL 83785, at *1 (S.D. Miss. Jan. 7, 2016). "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quotation marks and citation omitted).

Today's motion presents a close call. The facts described in the complaint and the briefs certainly imply a contractor-subcontractor relationship between James Construction Group and the plaintiff's employer, GA Transport. Why else would GA Transport be sending its employees to JCG's site? The fact that the plaintiff is proceeding through the workers compensation system, moreover, indicates that someone has paid the required insurance and suggests that the immunities provided in Mississippi law will be in effect sooner or later.

But the plaintiff disputes such a subcontractor relationship, and the absence of both parties' signatures on their purported contract means the plaintiff must look to the course of performance to confirm the contract's applicability. In this he claims to have been frustrated.

Most of the plaintiff's arguments for discovery lack merit for the reasons stated in JCG's brief: this Court has jurisdiction, there has been no waiver, etc. The Louisiana law problem is likely avoidable because the contractual obligation to procure workers compensation insurance is distinct. And it is not clear how premises liability law will save the plaintiff.

Mindful of the standard of review, though, and believing that the plaintiff has a right to test disputed evidence at the summary judgment stage, the Court concludes that the plaintiff is entitled to somewhat more investigation. JCG's December 11 affidavit—which was submitted five months after JCG's motion for summary judgment, for that matter—should not be difficult to test. Targeted RFAs to or depositions of Dale Willis and GA Transport should confirm or deny a contractual relationship. As Judge Wingate explained, "Once the parties establish that the contractor-subcontractor relationship exists, the only remaining question is whether the subcontractor or contractor secured compensation insurance which covered the workers' injury. If the answer is yes, the injured employee cannot sue the contractor for negligence. If the answer is no, the injured employee may elect to pursue benefits under the Act or sue in tort." *American Resources Ins. Co. v. W.G. Yates & Sons Const. Co.*, 4:09-CV-181-HTW-LRA, 2012 WL 1033521, *9 (S.D. Miss. Mar. 27, 2012). The Court expects the parties to secure the truth reasonably and efficiently.

The plaintiff's motion is granted as set forth above. The pending motions for summary judgment, a stay, and a protective order are denied without prejudice.

**SO ORDERED**, this the 30th day of May, 2018.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE